**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

ANGELICA MARIA FRANCES, as an Individual and as Primary Trustee of the P. Brown Trust,

Plaintiff,

v.

CHURCHILL COUNTY AUTHORITIES, *et al.*,

Defendants.

Case No. 3:25-CV-00682-ART-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

Before the Court is Plaintiff Angelica Maria Frances's ("Frances") *pro se* civil rights complaint, (ECF No. 1-3), two applications to proceed *in forma pauperis*, (ECF Nos. 9, 11), an emergency motion to temporarily correct public records, (ECF No. 14), an emergency motion for cease and desist, (ECF No. 15), and a motion for an extension of time to complete supplemental filings, (ECF No. 16). The Court now screens Frances's complaint under 28 U.S.C. § 1915A and, for the reasons discussed below, recommends this action be dismissed. The Court further recommends that Frances's District of Nevada application to proceed *in forma pauperis* be granted, but that the rest of her motions be denied.

I.      **BACKGROUND**

On December 1, 2025, Frances initiated this action by filing a complaint. (ECF No. 1-3.) Frances did not pay the filing fee nor file an application to proceed *in forma pauperis* ("IFP"). The Court therefore ordered Frances to either pay the full $405 filing fee for a civil action or file a completed application to proceed IFP. (ECF No. 5.) On December 17, 2025, Frances filed a Nevada state court application to proceed IFP, as well as this Court's short and long form applications. (ECF Nos. 9, 11.) Approximately two weeks

---

[1]      This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

later, Frances filed the two emergency motions, (ECF Nos. 14, 15), and her motion to extend time to file supplemental filings, (ECF No. 16).

The Court will first address Frances's two IFP applications.

## II.     *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The Court has reviewed Frances's applications to proceed IFP. (ECF Nos. 9, 11.) Frances's Nevada state court application to proceed IFP, (ECF No. 9), is improper. Local Rule LSR 1-1 states applications to proceed IFP "must be made on the form provided by the court." The Court told Frances as much when it directed her to file an application to proceed IFP or pay the filing fee. (*See* ECF No. 5.) Given Frances's disregard of the Local Rules and this Court's order, the Court recommends her state court application to proceed IFP, (ECF No. 9), be denied. As to Frances's District of Nevada application, (ECF No. 11), the Court has reviewed it and finds Frances cannot pay the filing fee. Accordingly,

the Court recommends Frances's District of Nevada application to proceed IFP, (ECF No. 11), be granted.

**III.     SCREENING STANDARD**

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigant proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g.*, *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints

are "held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**IV.    DISCUSSION**

**A.    Motion to Extend Time for Supplemental Filings**

The Court will first address Frances's motion for an extension of time to complete supplemental filings. (ECF No. 16.) Frances argues she needs an additional 60 to 90 days to complete her supplemental filings due to damage caused by Defendants. (*Id.*) For the reasons discussed below, the Court finds Frances is not permitted to file supplemental filings, and therefore recommends her motion be denied.

Local Rule 7-2(g) prohibits the filing of "supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." The Court "may strike supplemental filings made without leave of court." LR 7-2(g). Here, Frances filed five supplemental filings, totaling more than 600 pages, without seeking leave of court. (*See* ECF Nos. 1-2, 1-4, 8, 12, 13.) Not only does this violate Local Rule 7-2(g), but Frances's voluminous filings are an inappropriate use of her filing privileges. "The Court's docket is

not a repository for miscellaneous documents that [Frances] believes may support [her] claims." *Thompson v. Nev. Sec'y of State*, 2026 WL 84538, at *3 (D. Nev. 2026) (quoting *Dillon v. Corr. Corp. of Am.*, 2021 U.S. Dist. LEXIS 272388, at *3 (D. Nev. 2021)).

Moreover, even if Frances's supplemental filings were properly before the Court, Frances fails to provide citations to specific parts of the record. She instead makes general references to them and expects the Court to sift through the filing to find the support she believes is contained within them. For example, in her declaration in support of emergency motions, Frances states the relevant facts "concerning abuse of authority and coordinated misconduct by Churchill County authorities is set forth in Supplemental Statement No. 2, Part One – RICO Group I." (ECF No. 15-1.) Frances fails to cite to a specific page despite the fact Supplemental Statement No. 2 is 226 pages long. (ECF No. 12.) "Judges are not like pigs, hunting for truffles buried in the record." *Murthy v. Missouri*, 603 U.S. 43, 67 n.7 (2024) (citation modified) (quoting *Gross v. Cicero*, 619 F.3d 697, 702 (2010)). It is Frances's responsibility to present her arguments and evidence in a logical and coherent manner to the Court, which she fails to do. The Court will therefore not consider any of Frances's supplemental filings in screening her complaint and addressing her two emergency motions.

Furthermore, at this point in the litigation, such voluminous filings are unnecessary. Frances is at the pleading stage and is not yet required to prove her case with evidence. Rather, she simply needs to assert factual allegations which, if true, would entitle her to relief. Hence, Federal Rule of Civil Procedure 8(a)'s requirement that litigants provide "a short and plain statement" showing they "are entitled to relief." Frances needs to provide the basic who, what, when, where, and how of her claims so the Court can analyze their validity, she does not need to conclusively prove them.

Because Frances failed to obtain leave of court before making her supplemental filings, and because Frances's supplemental filings are inappropriate, the Court recommends they be stricken. (*See* ECF Nos. 1-2, 1-4, 8, 12, 13.) Furthermore, because Frances has no basis to file any other supplemental filings the Court recommends her

5

motion for an extension of time to complete her supplemental filings, (ECF No. 16), be denied.

**B.     Screening of the Complaint[2]**

In her complaint, Frances sues the Churchill County Recorder, Treasurer, Planning Department, Sheriff's Office, TCID, and unnamed private co-conspirators (collectively referred to as "Defendants"). (ECF No. 1-3 at 4.) She alleges Defendants engaged in a "pattern of misconduct" that "was deliberate, targeted, and executed with knowledge, coordination, and intent" designed "to dispossess Plaintiff of her property, obstruct federal filings, destroy evidence, and cause Plaintiff severe physical, financial, and constitutional harm." (*Id.* at 4-5.) According to Frances, Defendants engaged in "repeated and sophisticated" cyber-attacks and "violent, life-threatening criminal conduct," as well as killed "[m]ore than 260 livestock animals." (*Id.* 5-7.)

Frances lists the following nine causes of action: (1) RICO in violation of 18 U.S.C. § 1962(c); (2) RICO in violation of 18 U.S.C. § 1962(d); (3) violations of the Fourth, Fourteenth, and First Amendments actionable pursuant to 42 U.S.C. § 1983; (4) conspiracy to deprive Frances of her constitutional rights in violation of 42 U.S.C. § 1985; (5) failure to prevent ongoing constitutional violations in violation of 42 U.S.C. § 1986; (6) mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343; (7) real estate and public records fraud in violation of 18 U.S.C. §§ 1001, 1028A, NRS 205.395, and NRS 239.310; (8) obstruction of justice in violation of 18 U.S.C. §§ 1503, 1512, 1519; and (9) stalking, harassment, and retaliation in violation of 18 U.S.C. §§ 2261A, 1512, 1513.

Frances's complaint is replete with issues. First, her allegations are vague and largely conclusory. For example, in Count VII (real estate and public records fraud) Frances states Defendants "altered, deleted, and falsified property records, misapplied tax classifications, and refused lawful filings to create an appearance of delinquency or abandonment . . . to facilitate seizure of Plaintiff's land." (ECF No. 1-3 at 12.) Frances

---

[2]     As discussed above, in screening Frances's complaint the Court relies only on the information contained within the four corners of the complaint.

does not state when any of these events occurred, what documents were falsified or refused, or which Defendant was involved.

Similarly, in Count II (RICO) Frances states "[e]ach Defendant contributed overt acts to further the conspiracy." (*Id.* at 10.) Frances does explain what these alleged overt acts were or how they contributed to the conspiracy. The same is true for each Count Frances lists, though the Court will not repeat them here. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted). Frances's complaint fails to comply with Rule 8's notice requirement.

Second, Frances relies on an impermissible "everyone did everything" shotgun style pleading. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (affirming dismissal of shotgun pleading). Frances makes no attempt at explaining which Defendants engaged in what conduct. Nor does Frances state in what capacity she is suing the named Defendants. (*See* ECF No. 1-3 at 4.) Moreover, Frances lists unknown Defendants. For example, Frances sues TCID but does not explain who or what TCID is. (*Id.*) Frances also sues "private co-conspirators involved in RICO" but provides no description of who these people are or how they are involved. (*Id.*) In essence, Frances is attempting to sue some number of Doe Defendants, which is disfavored. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

For these reasons alone dismissal is appropriate. Nevertheless, the Court will address each of Frances's claims.

### 1.    Counts I & II (RICO)

Frances alleges Defendants violated two subsections of the Racketeer Influenced and Corrupt Organizations ("RICO") statute — 18 U.S.C. § 1962(c) and 1962(d). (ECF No. 1-3 at 9-10.) Subsection (c) prohibits persons employed by or associated with an enterprise engaged in interstate or foreign commerce from engaging in the "enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C.

§ 1962(c). Subsection (d) prohibits conspiring to violate the other subsections of the statute. 18 U.S.C. § 1962(d). There are multiple problems with these claims.

First, as mentioned above, Frances fails to state in what capacity she is suing each Defendant. "Pursuant to the Eleventh Amendment, state agencies and officials are generally immune from liability under RICO." *Kamal v. County of Los Angeles*, 2019 WL 2502433, at *4 (C.D. Cal. 2019); *see also Comm. to Prot. Our Agric. Water v. Occidental Oil and Gas Corp.*, 235 F. Supp. 1132, 1160 (E.D. Cal. 2017); *Vierria v. Cal. Highway Patrol*, 644 F. Supp. 1219, 1232 (E.D. Cal 2009); *Quan v. San Francisco Police Dep't*, 2012 WL 4477621, at *16-*17 (N.D. Cal. 2012). Thus, to the extent Frances is suing Defendants in their official capacity her claim is barred.

Second, to the extent Frances is suing Defendants in their individual capacity, she fails to allege sufficient facts to state a claim. There are five elements to a civil RICO claim: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). As already mentioned, Frances relies on vague and conclusory allegations. For example, as to the enterprise element, Frances simply asserts "Defendants formed an association-in-fact enterprise as defined by 18 U.S.C. § 1961(4)." (ECF No. 1-3 at 8.) And as to the predicate acts element, Frances concludes without any factual support that Defendants engaged in "mail fraud, wire fraud, obstruction of justice, witness tampering, extortion, cybercrime, retaliation, and deprivation of rights under color of law." (*Id.* at 9.) A complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Here, Frances has failed to provide facts bringing her claims above the speculative level.

Accordingly, the Court recommends Counts I and II be dismissed with leave to amend to give Frances an opportunity to provide sufficient facts to state a claim. However, Frances is cautioned that she may only bring RICO claims against Defendants in their individual capacity.

## 2.    Counts VI, VII, VIII, IX (Criminal Statutes)

Frances improperly tries to bring criminal charges against Defendants. Frances alleges that Defendants committed mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343 (Count VI), real estate and public records fraud in violation of 18 U.S.C. §§ 1001, 1028A, NRS 205.395, and NRS 239.310 (Count VII), obstructed justice in violation of 18 U.S.C. §§ 1503, 1512, 1519 (Count VIII), as well as stalked, harassed, and retaliated against her in violation of 18 U.S.C. §§ 2261A, 1512, 1513 (Count IX). (ECF No. 1-3 at 11-12.) "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonproseuction of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Tia v. Crim. Investig. Demanded as Set Forth*, 441 Fed. Appx. 457, 458 (9th Cir. 2011) (affirming dismissal of "request for criminal investigation into the alleged RICO conspiracy" because the plaintiff "lack[ed] standing to compel an investigation or prosecution of another person"). Frances therefore does not have standing to prosecute criminal statutes, and her claims are barred.

Accordingly, the Court recommends Counts VI, VII, VIII, and IX be dismissed with prejudice and without leave to amend since amendment would be futile.

## 3.    Count III (§ 1983)

Frances sues Defendants under 42 U.S.C. § 1983 alleging they violated her First, Fourth, and Fourteenth Amendment rights. (ECF No. 1-3 at 10.) According to Frances, "County officials deprived [her] of due process and property rights by falsifying records, refusing lawful filings, targeting her with selective enforcement, and retaliating when she sought help." (*Id.*) Defendants also "conducted warrantless intrusions, surveillance, and property interference under color of law." (*Id.*) These allegations are vague, conclusory, and are based on speculation. The Court therefore recommends Count III be dismissed with leave to amend for failure to state a claim. Should Frances choose to file an amended complaint she must allege facts sufficient to support each constitutional claim as discussed below. Furthermore, each alleged constitutional violation must be plead in a separate count.

It appears Frances's Fourth Amendment claim is that Defendants entered and/or surveilled her property without a warrant. However, Frances offers no details about these incidents. The Fourth Amendment only protects "against *unreasonable* searches and seizures." U.S. Const. amend IV (emphasis added). Therefore, for Frances to state a claim she must allege facts which, if true, would show Defendants engaged in unreasonable actions. To be clear, the facts must show Defendants acted legally unreasonably, not unreasonably in Frances's own subjective view.

Turning next to Frances's Fourteenth Amendment claim, Frances alleges Defendants violated both her due process rights and her right to equal protection under the law. (ECF No. 1-3 at 10.) A § 1983 claim based upon a procedural due process violation has three elements: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." *Armstrong v. Reynolds*, 22 F.4th 1058, 1066 (9th Cir. 2022). Although Frances alleges Defendants interfered with her property rights, she provides no supporting details as to how they did so, nor does she provide any details about what process she received and why it was insufficient.

As to Frances's equal protection claim, to state a claim she "must show that the defendants acted with an intent or purpose to discriminate against [her] based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Thus, should Frances choose to file an amended complaint she must explain what protected class she belongs to, and allege sufficient facts to show Defendants discriminated against her in some way due to her membership in that class.

Lastly, as to France's First Amendment retaliation claim, to state a claim she must show: (1) that she "was engaged in constitutionally protected activity;" (2) that Defendants' actions caused her "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity;" and (3) that Defendants' actions were "substantially motivated as a response to [her] exercise of constitutionally protected conduct." *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1159 (N.D. Cal. 2009)

(quoting *Mendocino Env't Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300-01 (9th Cir. 1999)).

Because Frances does not allege sufficient facts to show that her First, Fourth, or Fourteenth Amendment rights were violated, the Court recommends Count III be dismissed with leave to amend.

### 4.   Count IV (Conspiracy to Deprive Rights)

Frances sues Defendants under 42 U.S.C. § 1985(2)-(3) for allegedly conspiring to interfere with her civil rights. (ECF No. 1-3 at 11.) According to Frances, Defendants "coordinated across county offices and private groups to obstruct [her] access to courts, suppress evidence, and intimidate witnesses." (*Id.*) Frances asserts Defendants were "motivated by discriminatory animus and the desire to prevent [her] from exercising her protected rights." (*Id.*) As with her other claims, Frances's vague and conclusory allegations are insufficient to state a claim under either § 1985(2) or § 1985(3).

To state a claim under § 1985(3) Frances must allege facts showing Defendants engaged in: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *United Bhd. Of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983)).

As to Frances's § 1985(2) claim, there are two distinct clauses in subsection (2), and it is unclear which clause Frances is pursuing a claim under. *See Dooley v. Reiss*, 736 F.2d 1392, 1395 (9th Cir. 1984). To state a claim under the first clause, which prohibits conspiring to prevent a person from participating in federal court proceedings or injuring them for having done so, Frances must show there was: "(1) a conspiracy between two or more persons; (2) to deter a witness by force, intimidation, or threat from attending federal court or testifying freely in a matter there pending; which (3) causes

11

injury to the claimant." *David v. United States*, 820 F.2d 1038, 1040 (9th Cir. 1987), *abrogated on other grounds as recognized in Head v. Wilkie*, 936 F.3d 1007, 1014 (9th Cir. 2019) (recognizing that David's holding as to who can assert an injury under § 1985(2) is abrogated, but the essential elements remain the same); *see also Haddle v. Garrison*, 525 U.S. 121 (1998) (addressing what types of injuries are cognizable under § 1985(2)).

To state a claim under the second clause, which prohibits similar actions but with regard to state court proceedings, *Dooley*, 736 F.2d at 1395, Frances must show: (1) two or more persons conspired; (2) "for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice" in state court; (3) with the intent to deny [her] the equal protection of the laws." 42 U.S.C. § 1985; *see also Seung v. Beardmoro*, 2017 WL 426871, at *7 (C.D. Cal. 2017); *Bretz v. Kelman*, 773 F.2d 1026, 1029-30 (9th Cir. 1985). The Ninth Circuit has held that the words "equal protection" in the second clause "require an allegation of class-based animus" to state a claim. *Bertz*, 773 F.2d at 1029-30; *see also Rutledge v. Ariz. Bd. Of Regents*, 859 F.2d 732, 736 n.3 (9th Cir. 1988). Thus, in addition to the elements outlined above Frances must also allege facts indicating Defendants took the complained of action because she belonged to a particular class.

Because Frances has not alleged sufficient facts to state a claim, and because it is unclear exactly what claims Frances is pursuing, the Court recommends Count IV be dismissed with leave to amend.

### 5.    Count V (Failure to Prevent Violations)

Finally, the Court will address Frances's claim Defendants violated 42 U.S.C. § 1986. (ECF No. 1-3 at 11.) Frances alleges "Defendants knew of ongoing violations" but "failed to act." (*Id.*) According to Frances, "Officials in multiple departments were repeatedly notified of stalking, threats, property crimes, and record tampering," yet "refused assistance, dismissed reports, or directly assisted perpetrators, enabling ongoing harm." (*Id.*) These vague and conclusory assertions are insufficient to state a claim. To state a claim under §1986, Frances must first state a valid claim under § 1985.

*See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). As just discussed, Frances has failed to do so. Assuming Frances can state a valid claim under § 1985, she must then allege sufficient facts to show Defendants: (1) knew of a conspiracy to violate her rights; (2) had the power to prevent her rights from being violated; but (3) refused or neglected to do so. *Delta Savings Bank v. United States*, 265 F.3d 1017, 1024 (9th Cir. 2001). Because Frances has not stated a claim under § 1985 she necessarily cannot state a claim under § 1986. Accordingly, the Court recommends Count V be dismissed with leave to amend so Frances can supply the necessary factual support.

### 6.    Amended Pleading Requirements

If Frances chooses to file an amended complaint, she is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in and of itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the court. Frances should clearly title the amended pleading as "First Amended Complaint." For each Defendant and each claim, Frances must allege true facts sufficient to show they violated her rights based on the above discussion. Frances is admonished that she may not rely on supplemental filings to support her complaint. For each claim Frances must provide "*a short and plain*" statement identifying which Defendants the claim is against and what specific facts entitle her to relief on that claim. Fed. R. Civ. P. 8(a). **Vague and conclusory allegations will not suffice.**

The Court notes that, if Frances chooses to file an amended complaint curing the deficiencies as outlined in this recommendation, she should file the amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation. If Frances chooses not to file an amended complaint curing the stated deficiencies the action will be subject to dismissal for failure to state a claim.

///

### C.   "Emergency" Motions

Frances filed two motions styled as emergencies: (1) a motion to temporarily correct public records and restore trust property, (ECF No. 14); and (2) a motion for cease and desist/anti-retaliation and non-interference order, (ECF No. 15). The Court has reviewed both and finds neither constitute an emergency.

The filing of emergency motions is disfavored and should be confined to "the most limited circumstances." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1141 (D. Nev. 2015). Emergency motions burden both the parties and the court, requiring each to "abandon other matters to focus on the pending 'emergency.'" *Id*. When a party files a motion on an emergency basis, it is *within the sole discretion* of the Court to determine whether any such matter is, in fact, an emergency. LR 7-4(c). The local rules make clear that "[e]mergency motions should be rare" and that "[t]he court may determine whether any matter submitted as an 'emergency' is, in fact, an emergency." LR 7-4(b)-(c). The Court has the discretion to strike the emergency designation of a pleading, and the pleading filed with the court must comply with the local rules. *Tumminello v. Capstone On-Campus Mgmt*., LLC, No. 2:25-CV-01740-CDS-NJK, 2025 WL 2711865, at *2 (D. Nev. Sept. 22, 2025); LR 7-4(c) ("Failure to comply with the requirements for submitting an emergency motion may result in denial of the motion.")

"A party or attorney's failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency." LR 7-4(b). The local rules require that all emergency motions "be accompanied by a declaration setting forth: (1) the nature of the emergency; (2) the office addresses and telephone numbers of movant and all affected parties; and (3) a statement of movant certifying that" the parties have met and conferred but could not "resolve the matter without court action." *See* LR 7-4(a) (cleaned up). Further, "[i]f the nature of the emergency precludes a meet and confer, the statement must include a detailed description of the emergency, so the court can evaluate whether a meet and confer truly was precluded." *See id*.

Here, although Frances filed a declaration in support of her motions, it fails to

14

adequately describe the emergency, does not identify who she is seeking relief against, nor include any discussion about attempts to meet and confer or why a meet and confer was not possible. (*See* ECF No. 15-1.) Frances's declaration, much like her complaint, relies on conclusory statements with no factual support. For example, Frances states she reported misconduct and has "been subjected to retaliatory social coercion operating through both formal channels and informal retaliation infrastructure that functions outside official documentation." (*Id.* at 2.) However, Frances makes no attempt at describing how she has been retaliated against, who is retaliating against her, what misconduct she reported, so on and so forth.

The same is true for Frances's motions. In her motion to correct public records Frances states she has suffered "ongoing, irreparable harm" but provides no argument as to how. (ECF No. 14.) And in her motion for cease and desist, Frances states she is suffering ongoing retaliation but does not provide any argument or even identify who is retaliating against her. (ECF No. 15.) Aside from being erroneously styled as emergencies, Frances's two motions are woefully inadequate and do not comply with the Local Rules. *See* LR 7-2.

For these reasons, the Court recommends Frances's motion to correct public records, (ECF No. 14), and motion for cease and desist, (ECF No. 15), be denied. Frances is cautioned that if she improperly files emergency motions in the future she may be sanctioned.

## IV.    CONCLUSION

For the reasons outlined above, the Court recommends Frances's District of Nevada application to proceed IFP, (ECF No. 11), be granted, and that her Nevada state court application, (ECF No. 9), be denied. As to Frances's complaint, (ECF No. 1-3), the Court recommends Counts VI, VII, VIII, and IX be dismissed with prejudice and without leave to amend, and that Counts I, II, III, IV, and V be dismissed with leave to amend so Frances has an opportunity to provide sufficient facts to support her various claims. Finally, the Court recommends Frances's motion to correct public records, (ECF No. 14),

motion for cease and desist, (ECF No. 15), and motion for an extension of time, (ECF No. 16), be denied.

The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.     RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Frances's District of Nevada application to proceed *in forma pauperis*, (ECF No. 11), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Frances's Nevada state court application to proceed *in forma pauperis*, (ECF No. 9), be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Frances's complaint, (ECF No. 1-3), but **NOT** issue summons at this time.

**IT IS FURTHER RECOMMENDED** that Counts VI, VII, VIII, and IX, (ECF No. 1-3 at 11-12), be **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND** because Frances does not have standing to prosecute criminal statutes.

**IT IS FURTHER RECOMMENDED** that Counts I, II, III, IV, and V, (ECF No. 1-3 at 9-11), be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**.

**IT IS FURTHER RECOMMENDED** that if Frances chooses to file an amended complaint curing the deficiencies outlined in this order, Frances shall file the amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation.

///

**IT IS FURTHER RECOMMENDED** that if Frances chooses not to file an amended complaint curing the stated deficiencies, the Court recommends dismissal of this action for failure to state a claim.

**IT IS FURTHER RECOMMENDED** that Frances's emergency motion for temporary correction of public records and restoration of trust property, (ECF No. 14), and her emergency motion for cease and desist, (ECF No. 15), be **DENIED**. Frances is cautioned that the filing of improper emergency motions in the future may result in sanctions, including denial of the motion.

**IT IS FURTHER RECOMMENDED** that Frances's motion for extension of time to complete supplemental filings, (ECF No. 16), be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Frances's supplemental filings, (ECF Nos. 1-2, 1-4, 8, 12, 13), be **STRICKEN**. Frances is cautioned that if she files supplemental filings in the future without first obtaining leave of court to do so the Court will strike them without notice.

**DATED**: January 15, 2026 .

_____
**UNITED STATES MAGISTRATE JUDGE**