UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANGELICA MARIA FRANCES, as an Individual and as Primary Trustee of the P. Brown Trust,

Plaintiff,

v.

CHURCHILL COUNTY AUTHORITIES, *et al.*,

Defendants.

Case No. 3:25-cv-00682-ART-CLB

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Plaintiff Angelica Maria Frances's *pro se* civil rights complaint, (ECF No. 1-3), two applications to proceed *in forma pauperis*, (ECF Nos. 9, 11), an emergency motion to temporarily correct public records, (ECF No. 14), an emergency motion for cease and desist, (ECF No. 15), motion for an extension of time to complete supplemental filings, (ECF No. 16), and U.S. Magistrate Judge Carla L. Baldwin's Report and Recommendation ("R&R"). (ECF No. 17).

Also pending are Ms. Frances's emergency motion and notice of disqualification, cease and desist, compel disclosure, request protective order, and request for sanctions (ECF No. 18), emergency motion to compel disclosure (ECF No. 19), emergency motion for protective order (ECF No. 20), and emergency motion for sanctions/adverse inference (ECF No. 21).

For the foregoing reasons, the Court adopts the R&R and denies Ms. Frances's subsequent emergency motions as moot.

## I.    LEGAL STANDARD

Magistrate judges are empowered to issue reports and recommendations on dispositive issues, which district judges may "accept, reject, or modify, in whole or in part." 28 U.S.C. § 636(b)(1)(C). Where, as here, neither party objects to a magistrate judge's recommendation, the district court is not required to

1

perform any review of that judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## II.   ANALYSIS

### a.  IFP Applications

Based on Ms. Frances' financial status, Judge Baldwin recommends granting her District of Nevada application to proceed IFP and dismissing Ms. Frances' Nevada state court application to proceed IFP as improper under Local Rule LSR 1-1, which requires applications to proceed IFP to be "made on the form provided to the court." The Court agrees with Judge Baldwin's recommendations on Ms. Frances' IFP applications.

### b.  Motion to Extend Time for Supplemental Filings

Judge Baldwin recommends that Ms. Frances' Motion to Extend Time for Supplemental Filings be denied, and her supplemental filings be stricken, because she fails to demonstrate good cause under Local Rule 7-2(g) for more than 600 pages of supplemental materials without seeking leave of court. The Court agrees with Judge Baldwin's recommendations.

### c.  Screening of the Complaint

Having found that Ms. Frances failed to provide citations to specific parts of the record in her voluminous supplemental filings, Judge Baldwin appropriately did not consider those filings in screening her complaint.

Judge Baldwin recommends that Counts VI, VII , VIII, and IX (mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343; real estate and public records fraud in violation of 18 U.S.C. §§ 1001, 1028A, NRS 205.395, and NRS 239.310; obstructed justice in violation of 18 U.S.C §§ 1503, 1512, 1519; and stalking, harassment, and retaliation in violation of 18 U.S.C. §§ 2261A, 1512, 1513, respectively) be dismissed without prejudice and without leave to amend because Ms. Frances does not have standing to prosecute criminal statutes. (ECF No. 1-3 at 11-12.) The Court agrees.

The R&R also recommends dismissal of Ms. Frances's remaining causes of action on the grounds that her allegations are vague and largely conclusory. (ECF No. 17 at 6.) The Court agrees with Judge Baldwin's conclusions.

### d. Amended Pleading Requirements

The Court adopts Judge Baldwin's notice of the amended pleading requirements here in full:

If Ms. Frances chooses to file an amended complaint, she is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in and of itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the court. Ms. Frances should clearly title the amended pleading as "First Amended Complaint." For each Defendant and each claim, Ms. Frances must allege true facts sufficient to show they violated her rights based on the above discussion. Frances is admonished that she may not rely on supplemental filings to support her complaint. For each claim Ms. Frances must provide "a short and plain" statement identifying which Defendants the claim is against and what specific facts entitle her to relief on that claim. Fed. R. Civ. P. 8(a). Vague and conclusory allegations will not suffice.

The Court notes that, if Ms. Frances chooses to file an amended complaint curing the deficiencies as outlined in this recommendation, she should file the amended complaint within 30 days from the date of entry of this order, by March 12, 2026. If Frances chooses not to file an amended complaint curing the stated deficiencies the action will be subject to dismissal for failure to state a claim.

//

//

3

III.    **CONCLUSION**

It is therefore ordered that the Report and Recommendation (ECF No. 17) is adopted in full.

It is further ordered Ms. Frances's Nevada state court application to proceed *in forma pauperis* (ECF No. 9) is DENIED.

It is further ordered that the Clerk FILE Ms. Frances's complaint (ECF No. 1-3), but not issue summons at this time.

It is further ordered that Counts VI, VII, VIII, and IX (ECF No. 1-3 at 11-12) are DISMISSED WITH PREJUDICE and without leave to amend.

It is further ordered that Counts I, II, III, IV, and V (ECF No. 1-3 at 9-11) are DISMISSED WITHOUT PREJUDICE and with leave to amend.

It is further ordered that if Ms. Frances chooses to file an amended complaint curing the deficiencies outlined in this order, Ms. Frances shall file the amended complaint by March 12, 2026.

It is further ordered that Ms. Frances's emergency motion for temporary correction of public records and restoration of trust property, (ECF No. 14), and her emergency motion for cease and desist, (ECF No. 15), be DENIED. Ms. Frances is cautioned that the filing of improper emergency motions in the future may result in sanctions, including denial of the motion.

It is further ordered that Ms. Frances's motion for extension of time to complete supplemental filings, (ECF No. 16), be DENIED.

It is further ordered that Ms. Frances's supplemental filings, (ECF Nos. 1-2, 1-4, 8, 12, 13), be STRICKEN. Ms. Frances is cautioned that if she files supplemental filings in the future without first obtaining leave of court to do so the Court will strike them without notice.

It is further ordered that Ms. Frances' subsequent Emergency Motions (ECF Nos. 18, 19. 20, 21) are DENIED as moot.

Dated this 10th day of February, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE