Angelica M Frances
1435 N Harmon Rd Fallon NV
89306, Churchill County
775-835-2822
amfrances@wydktv.org

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANGELICA MARIA FRANCES, Pro Se, Primary Trustee of the P. Brown Trust,<br><br>Plaintiff,<br><br>vs.<br><br>CHURCHILL COUNTY AUTHORITIES, ET AL.,<br><br>Defendant | Case No.**3:25-cv-00682-ART-CLB**<br><br>EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER<br>AND PRELIMINARY INJUNCTION TO<br>HALT MAY 14-15, 2026 TAX AUCTION<br>AND PRESERVE STATUS QUO |

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff Angelica Maria Frances, individually and as Primary Trustee of the P. Brown Trust, respectfully moves under Federal Rule of Civil Procedure 65 for an emergency temporary restraining order and preliminary injunction halting the scheduled May 14-15, 2026 tax auction of the property located at 1435 N Harmon Rd, Fallon, Nevada, Parcel No. 007-551-26, commonly known as Rising Phoenix Ranch.

This motion is brought to preserve the status quo, prevent an irreversible transfer of real property, and stop the finalization of an unlawful seizure that has already been executed based on altered, falsified, and disputed tax and ownership records.

## I. INTRODUCTION

This case presents an immediate emergency. **Plaintiff seeks an order halting the May 14-15, 2026 auction of her home and 29-acre ranch property**. The P. Brown Trust is the sole lawful owner of the property. **The auction is proceeding despite the absence of lawful notice** to the actual owner, **despite proof of tax payments** and **ownership transfer, despite repeated efforts to correct the records**, and **despite prior cease-and-desist notices and notices of federal jurisdiction served** on the relevant county authorities since December 2025.

**The auction listing itself confirms** the defect: the property has been placed for auction under the wrong owner name, identifying a former owner Ingrid Swift even though the property was lawfully conveyed and recorded to the P. Brown Trust after Plaintiff's purchase on January 29, 2018. Even though a previous Court hearing told Ingrid Swift she already sole her interest in the property. **The listing therefore verifies the central issue in this case - that the seizure and auction are being advanced through altered, falsified, incomplete records**. **Which were knowingly left uncorrected** after several attempts to correct them by the Plaintiff.

**The Defendants have already executed a second unlawful seizure.** The pending auction is the next step designed to finalize that unlawful seizure **by transferring title before this Court can adjudicate the ownership, tax-record, due-process, and civil-rights claims already pending before it.**

## II. FACTUAL BACKGROUND

### A. Lawful Ownership

Plaintiff purchased the property located at 1435 N Harmon Rd, Fallon, Nevada, Parcel No. 007-551-26, in January 2018 through the P. Brown Trust. The P. Brown Trust, by its Primary Trustee Angelica M Frances.is the sole lawful owner of the property.

After the purchase, the sale was conveyed and recorded. Plaintiff presented documentation of ownership transfer and registration to Churchill County authorities when the records were challenged or altered.

### B. Altered Ownership Records and Reinstatement of Former Owner

After the lawful sale was conveyed and recorded, county records were altered or maintained in a manner that reinstated or continued the former owner's name on the property. The current auction listing repeats that defect by listing the property under the wrong owner name rather than the P. Brown Trust, by its Primary Trustee Angelica M Frances.

The incorrect owner listing is not a minor clerical error. **It is direct evidence that the current seizure and auction are being conducted on the basis of records that are materially inaccurate and are central to the active federal dispute.**

## C. Deleted and Altered Tax Payment Records

Plaintiff possesses proof that tax payments were made and accepted. Nevertheless, **those payments do not appear in current county records they have been deleted, altered, omitted, or otherwise not credited in the records being used to justify seizure and auction.**

Plaintiff made several attempts to correct the payment records, personally bringing proof of payments and documents establishing ownership transfer and registration. **County authorities refused to correct the records**, failed to reconcile the discrepancies, and continued to proceed based on the same disputed records.

This shows actual knowledge. Defendants were not merely mistaken. They were presented with proof and refused to correct the records.

D. **No Notice of Seizure or Auction** given to Actual Property Owner

No notice of seizure or notice of the impending auction was provided to the actual lawful owner, the P. Brown Trust. No notice was given for either the Jan 2021 seizer it was sent to the deceased owner and the seller and No notice was given in the June 4 2026 seizer. No notice of Auction was given. Plaintiff only learned of the auction Thursday April 29th because of trespassers on the property. Three Sherifs Report have been filed in the last two weeks because of trespassers and strangers loitering about the property. They have tried to sell our property before without our knowledge, which was one of three hearings in 2021 all of which were ruled in our favor. Which stopped the sale, though they insist on trying to persist despite orders for two courts.

These discrepancies in missing tax payments and ownership records were further reviewed and confirmed during prior proceedings by Nevada Legal Services Attorney **David Schultze**, who represented Plaintiff in earlier hearings involving the Defendants and observed that Plaintiff's payment and ownership records were not accurately reflected in the county's records.

**Because the property was being processed under the wrong owner name**, any notice sent to a former owner or incorrect party **would not satisfy constitutional or statutory notice requirements. The P. Brown Trust, by its Primary Trustee Angelica M Frances is lawful owner was deprived of the opportunity to redeem, object, correct the records, or seek timely review before the seizure and auction process advanced.**

## E. Second Unlawful Seizure Already Executed June 4, 2025

This matter involves a second unlawful seizure already executed by Defendants. The present auction is not the beginning of the harm; it is the mechanism by which Defendants seek to finalize the completed unlawful seizure through transfer of title.

**Defendants have asserted control over the property through a tax seizure process based on disputed, altered, and incomplete records**, despite Plaintiff's lawful ownership, proof of tax payment, repeated attempts to correct the record, and prior formal notice of federal jurisdiction.

### F. Auction Listing After Cease-and-Desist and Federal Jurisdiction Notices

The property was placed for auction **after valid cease-and-desist notices and notice of federal jurisdiction had already been served. Since December 2025,** Churchill County authorities and related parties have been on formal notice that the ownership records, tax seizure, and property transfer issues are actively disputed in federal court.

**Proceeding after those notices demonstrates knowing and willful disregard of Plaintiff's rights, the disputed status of the property, and this Court's ability to provide effective relief.**

### G. Active Federal Litigation and Active Investigative Review

The **underlying issues are part of active federal litigation** in Frances v. Churchill County Authorities, et al., Case No. 3:25-cv-00682-CLB, filed in December 2025. Plaintiff has also **reported the relevant claims to state and federal authorities, including the United States Department of Justice, the FBI Public Corruption Unit, the Department of Defense, and the Nevada Attorney General**.

**The present auction, if allowed to proceed, would undermine active federal proceedings and investigations** by transferring the property at the center of 4 cases before judicial review can occur.

### H. Preexisting Development Interest of the Defendants and Pattern Directed at the Property shows premeditation and intentional behavior.

Before Plaintiff purchased the property in January 2018, Churchill County authorities referenced in the case as RICO Group 1 and associated private citizens referenced in the case as RICO Group 2 **had development plans, business interests, or proposals involving Plaintiff's property. Following Plaintiff's lawful purchase**, the property became the subject of **repeated interference, record alteration, tax-record disputes, attempted and completed seizure actions,** and refusal to correct known inaccuracies.

The sequence of pre-purchase development interest, post-purchase ownership-record alteration, deleted or uncredited tax payments, refusal to correct records after proof was presented, and the current tax auction supports a reasonable inference that the conduct was directed toward control of the subject property, not administrative error.

## II(I). NOTICE, CORRESPONDENCE, AND RELATED FILINGS

Plaintiff has provided repeated and escalating notice to Defendants and relevant authorities regarding the disputed ownership, altered tax records, and the existence of active federal jurisdiction. These notices were transmitted via electronic mail and/or registered mail and are incorporated by reference:

- Exhibit X-1: Notice to Churchill County Manager – Interference with Federal Proceedings (May 1, 2026)
- Exhibit X-2: Notice to Churchill County District Attorney – Obstruction and Failure to Act
- Exhibit X-3: Notice to Tax Auction Administrator – Demand to Remove Property from Auction (May 4, 2026)

- Exhibit X-4: Cease and Desist and Notice of Federal Jurisdiction (Combined Notice; multiple transmissions, December 2025 – Present)
- Exhibit X-5: Proof of Purchase, Conveyance, and Property Registration (January 2018)

These documents establish that Defendants had **actual, repeated, and documented notice** of:

- Plaintiff's lawful ownership of the property
- The existence of disputed and inaccurate ownership and tax records
- Active federal litigation and jurisdiction
- The risk that any seizure or sale would violate constitutional and federal law

Despite this knowledge, Defendants continued to rely on incomplete, altered, or inaccurate records and proceeded toward auction.

The foregoing facts, including Defendants' repeated notice and continued actions despite that notice, establish the basis for emergency relief.

## III. LEGAL STANDARD

A temporary restraining order and preliminary injunction are warranted where the moving party shows: (1) a likelihood of success on the merits; (2) likelihood of irreparable harm absent relief; (3) that the balance of equities tips in the movant's favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

The purpose of a TRO is to preserve the status quo and prevent irreparable injury before the Court can fully adjudicate the merits. That purpose is directly implicated here because

the auction is scheduled for May 14-15, 2026 and would transfer real property that is central to the pending federal action.

**IV. ARGUMENT**

## A. Plaintiff Is Likely to Succeed Because the Seizure and Auction Violate Due Process

The **Due Process Clause** of the Fourteenth Amendment requires notice and an opportunity to be heard before the government deprives a person of property. U.S. Const. amend. XIV.

The **Supreme Court** has long held that notice must be reasonably calculated, under all circumstances, to apprise interested parties of the action and afford them an opportunity to object. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

**In the tax-sale context, the Supreme Court** has specifically held that a party with a legally protected property interest is entitled to notice by mail or other means reasonably certain to ensure actual notice before a tax sale. Mennonite Board of Missions v. Adams, 462 U.S. 791, 798-800 (1983).

**The Supreme Court has further held** that when the government knows or should know that **notice did not reach the owner, it must take additional reasonable steps** before selling the property, where practicable. Jones v. Flowers, 547 U.S. 220, 234 (2006).

Here, **no notice of seizure or auction was provided** to the actual lawful owner, the P. Brown Trust – Trustee Angelica M Frances. The auction listing verifies that the property is

being processed under the wrong owner name Ingrid Swift. **Under Mullane, Mennonite, and Jones, proceeding to sell the property without notice to the actual owner violates due process**.

## B. Seizure of Real Property Without Prior Notice and Hearing Is Constitutionally Defective

**The Supreme Court has recognized that real property holds a unique status in due process analysis** and that seizure of real property without prior notice and hearing violates due process absent extraordinary circumstances. United States v. James Daniel Good Real Property, 510 U.S. 43, 53-62 (1993).

**The Court has also held that even temporary deprivation of property requires notice and an opportunity to be heard** before the deprivation, absent narrow exceptions. Fuentes v. Shevin, 407 U.S. 67, 80-82 (1972).

This matter involves the completed seizure of real property and an imminent auction that would finalize the deprivation. **Plaintiff was not provided adequate pre-deprivation notice or a meaningful opportunity to be heard** as the actual property owner.

## C. **The Auction Is Based on Knowingly Altered, Falsified, or Incomplete Records**

Plaintiff made multiple attempts to correct the tax and ownership records, including by presenting proof of tax payments and documents establishing lawful ownership transfer and registration. **Defendants refused to correct the records and proceeded** with seizure and auction anyway.

**This is not a case of administrative oversight. It is continued reliance on known inaccurate records** after repeated opportunities to correct them. That evidence supports likelihood of success on Plaintiff's claims for deprivation of rights, wrongful seizure, and record-based fraud.

### D. Nevada Tax-Sale Procedures Require Strict Notice and Procedural Compliance

Nevada's property-tax statutes provide procedures governing delinquent-tax notice, publication, redemption, and sale, including NRS 361.5648, NRS 361.565, and NRS 361.595. **These provisions must operate consistently with the Fourteenth Amendment and the Supreme Court's notice requirements**.

Where the lawful owner is not given notice, where ownership records are wrong, and where payment records are disputed but not corrected despite proof, **the statutory process cannot support a constitutionally valid sale.**

### E. Federal Civil Rights, Fraud, and Racketeering Issues Are Implicated

The conduct alleged implicates federal civil rights and fraud statutes, including 42 U.S.C. § 1983; 42 U.S.C. § 1985(3); 18 U.S.C. §§ 241 and 242; 18 U.S.C. §§ 1001, 1341, and 1343; 18 U.S.C. §§ 1512 and 1519; and 18 U.S.C. § 1962. Plaintiff does not ask this Court to adjudicate all claims on this emergency motion; **Plaintiff asks the Court to preserve the status quo so those claims can be adjudicated without the property being transferred first.**

Nevada statutes concerning falsification or concealment of public records, false representations concerning title, and **official misconduct are also implicated**, including NRS 239.300 and NRS 205.395, among other applicable provisions.

### F. The Auction Would Interfere With Active Federal Proceedings and State or Federal investigations.

The property is central to 4 federal cases. Proceeding with the auction after notice of federal jurisdiction and cease-and-desist demands would undermine the Court's ability to grant meaningful relief and may interfere with active federal proceedings.

**Defendants should not be permitted to transfer the property while ownership, payment records, tax seizure, record falsification, and due process issues are under federal review.**

### G. Plaintiff Faces Irreparable Harm

Loss of real property, especially a home, ranch, and trust asset, the extreme expense of moving a ranch consisting of animals, pens and equipment, businesses, constitutes irreparable harm. Once the property is sold, Plaintiff may face clouded title, third-party purchaser issues, loss of possession, destruction or compromise of evidence, and a substantially impaired ability to obtain effective judicial relief.

The auction would not merely create economic harm. It would finalize an allegedly unlawful seizure, transfer the disputed property, and undermine federal adjudication.

### H. Balance of Equities and Public Interest Favor Immediate Relief

The balance of equities favors Plaintiff. Defendants and any auction platform will suffer no cognizable harm from a temporary pause that preserves the status quo pending judicial review. Plaintiff, by contrast, faces permanent loss of property and impairment of federal rights.

The public interest favors enforcement of constitutional notice requirements, protection of property rights, integrity of public records, and preservation of federal court jurisdiction. The Supreme Court recently reaffirmed that property interests cannot be erased through tax-enforcement mechanisms beyond what law allows. Tyler v. Hennepin County, 598 U.S. 631 (2023).

**V. REQUEST FOR RELIEF**

Plaintiff respectfully requests that the Court enter an emergency temporary restraining order and preliminary injunction:

1. Immediately halting the May 14-15, 2026 auction of Parcel No. 007-551-26, 1435 N Harmon Rd, Fallon, Nevada;
2. Ordering Churchill County authorities and all agents, auction platforms, third-party vendors, and participating parties to remove or suspend the property from any auction listing;
3. Prohibiting Defendants and any agents from conveying, transferring, selling, clouding, encumbering, or otherwise altering title or possession of the property pending further order of this Court;
4. Ordering Defendants to preserve all tax records, ownership records, payment records, notices, internal communications, listing records, electronic records, metadata, and communications with any auction platform or third-party vendor concerning the property;

5. Ordering Defendants to provide Plaintiff and the Court with all records supporting the alleged tax delinquency, seizure, notice, and auction listing;

6. Maintaining the status quo pending resolution of the federal claims and disputed records;
7. Granting any further relief the Court deems just and proper.

**VI. DECLARATION OF ANGELICA MARIA FRANCES**

I, Angelica Maria Frances, declare under penalty of perjury under 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in this matter and the Primary Trustee of the P. Brown Trust. I purchased to the property with my own money (settlement from the car accident that made me permanently disable) on behalf of the P. Brown Trust.
2. The P. Brown Trust is the sole lawful owner of the property located at 1435 N Harmon Rd, Fallon, Nevada, Parcel No. 007-551-26.
3. I purchased the property in January 2018, and the sale was conveyed and recorded.
4. After the lawful sale and recording, records were altered or maintained in a manner that reinserted or continued a former owner's name on the property.
5. The property is now listed for auction under the wrong owner name, confirming that the auction is proceeding on disputed and inaccurate records.
6. I possess proof that tax payments were made and accepted, yet those payments are not reflected in the records being used to justify the seizure and auction.
7. I made multiple attempts to correct the records by presenting proof of payment and documents showing ownership transfer and registration.

8. The records were not corrected, and the county proceeded based on the same altered, falsified, incomplete, or disputed records.
9. No notice of seizure or auction was provided to the actual lawful owner, the P. Brown Trust.
10. This is a second unlawful seizure already executed. The May 14-15, 2026 auction is the effort to finalize that seizure through transfer of title.
11. Cease-and-desist notices and notices of federal jurisdiction have been served since December 2025.
12. The auction was scheduled and/or maintained after notice of federal jurisdiction and despite the active federal case.
13. Churchill County authorities and associated private citizens had development plans, interests, or proposals involving the property before my purchase in January 2018.
14. I believe the sequence of events shows the seizure and auction are premeditated and directed toward control of the property, not the result of mistake.
15. If the auction proceeds, I will suffer irreparable harm, including potential loss of my home and ranch, transfer of trust property, compromise of evidence, and impairment of this Court's ability to provide meaningful relief.
16. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 4, 2026

Respectfully submitted,

/s/ Angelica Maria Frances

Angelica Maria Frances