UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANGELICA MARIA FRANCES, as an Individual and as Primary Trustee of the P. Brown Trust,<br><br>Plaintiff,<br>v.<br><br>CHURCHILL COUNTY AUTHORITIES, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-00682-ART-CLB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 27) |

Before the Court is Plaintiff Angelica Maria Frances's ("Ms. Frances") First Amended Complaint ("FAC"), alleging "interference with, destabilization of, and attempted deprivation of Plaintiff's lawful property rights" by Churchill County authorities and private individual Defendants. (ECF No. 26.) U.S. Magistrate Judge Carla L. Baldwin issued a Report and Recommendation ("R&R") screening the complaint. (ECF No. 27). Ms. Frances objected to the R&R. (ECF No. 29.)

Also pending are Ms. Frances's emergency motion to preserve access to court, vacate dismissal, and for a temporary restraining order (ECF No. 28), and emergency motions for injunctive relief (ECF Nos. 30, 31).

For the following reasons, the Court adopts the R&R in part and denies Ms. Frances' subsequent emergency motions as moot.

## I. PROCEDURAL BACKGROUND

The Court adopts the following background from the R&R: On December 1, 2025, Ms. Frances initiated this action by filing a pro se civil rights complaint. (ECF No. 1-3.) Ms. Frances sued several defendants alleging the following nine claims: (1) RICO in violation of 18 U.S.C. § 1962(c); (2) RICO in violation of 18 U.S.C. § 1962(d); (3) violations of the Fourth, Fourteenth, and First Amendments under 42 U.S.C. § 1983; (4) conspiracy to deprive Frances of her constitutional rights in violation of 42 U.S.C. § 1985; (5) failure to prevent ongoing constitutional

violations in violation of 42 U.S.C. § 1986; (6) mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343; (7) real estate and public records fraud in violation of 18 U.S.C. §§ 1001, 1028A, NRS 205.395, and NRS 239.310; (8) obstruction of justice in violation of 18 U.S.C. §§ 1503, 1512, 1519; and (9) stalking, harassment, and retaliation in violation of 18 U.S.C. §§ 2261A, 1512, 1513. (ECF No. 1-3.)

The magistrate judge screened Ms. Frances's complaint and recommended all of Ms. Frances's claims asserting causes of actions under criminal statutes be dismissed with prejudice. (ECF No. 17 at 9.) As to her other claims, however, the R&R recommended they be dismissed with leave to amend. (*Id.* at 7-13.) This Court adopted the recommendation in full. (ECF No. 23.) Ms. Frances timely filed the following FAC, which the R&R screened. (ECF No. 26.)

## II. LEGAL STANDARD

### a. Report and Recommendations

Magistrate judges are empowered to issue reports and recommendations on dispositive issues, which district judges may "accept, reject, or modify, in whole or in part." 28 U.S.C. § 636(b)(1)(C). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Ms. Frances filed an objection, so this Court reviews the subjects of those objections *de novo*.

### b. Screening Standard

Prior to ordering service on any Defendant, the Court is required to screen an in forma pauperis complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (noting the in forma pauperis statute at 28 U.S.C. § 1915(e)(2) requires a

district court to dismiss an in forma pauperis complaint for the enumerated reasons). Such screening is required before a litigant proceeding in forma pauperis may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a

right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## III. ANALYSIS

### a. Universal Objections

Ms. Frances objects to the R&R, and the "procedural handling of this case" as a whole on two grounds: 1) that standards applied to her pleadings shifted across filings and her submissions were repeatedly characterized as insufficient (ECF No. 29 at 6-7); and 2) that the R&R failed to fully consider allegations and Defendants in the record (*id.* at 10-12). The Court finds that the R&R reasonably considered all of Ms. Frances' allegations under applicable legal standards.

First, Ms. Frances argues that orders from the Court were contradictory and favored dismissal over adjudication on the merits. Specifically, she claims that 1) she was instructed that she could not present evidence prior to discovery and then her claims were dismissed for lack of evidence and 2) she repeatedly amended filings as ordered by the Court but the standards applied shifted across filings. These objections are not directed at this R&R's conclusions, and therefore cannot be considered upon review of these particular findings. *See U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (district judge reviews objections to findings and recommendations from the report and recommendation).

Second, Ms. Frances claims that because the R&R did not mention Defendant Mike Johns, there is evidence that the magistrate judge did not fully consider all of her allegations. "[T]he Court need not explicitly discuss each and every argument in any order," however. *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1099 (D. Nev. 2022) (citing *Roy v. Cnty. of Los Angeles*, No. CV 12-09012-AB (FFMx), 2018 WL 3439168, at *4 (C.D. Cal. July 11, 2018) (citing, *inter alia, Clemons v. Miss.*, 494 U.S. 738, 747 n.3 (1990)) "The Court's refusal to discuss an argument constitutes an implicit rejection of [that] argument[ ]." *Id.* Therefore, the Court finds that the R&R did not fail to consider any of Ms. Frances' allegations.

These global objections to the R&R are overruled.

**b. Claim 1: Civil RICO (18 U.S.C. § 1962(c))**

The R&R recommends that Ms. Frances' RICO claim against the Churchill County Recorder's Office ("Recorder's Office"), Churchill County Treasurer's Office ("Treasurer's Office"), Jeanine Williams ("Williams"), John Baumgartner Jr. ("John"), and Jeanie Baumgartner ("Jeanie") be dismissed with prejudice and without leave to amend because she fails to allege that the named Defendants were operating as a continuing unit in satisfaction of the "enterprise" element of a RICO claim. (ECF No. 27 at 5.) Ms. Frances objects to the R&R on the grounds that an enterprise need only be "informal and inferred from coordinated conduct," that she has met this standard at the pleading stage, and that the R&R analyzed her claim at an improper heightened standard. (ECF No. 29 at 5.)

There are five elements to a civil RICO claim: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). "[A]n associated-in-fact enterprise is 'a group of persons associated together for a common purpose of engaging in a course of conduct.'" *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007)

(quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)). To satisfy this element, Ms. Frances "must provide both 'evidence of an ongoing organization, formal or informal,' and 'evidence that the various associates function as a continuing unit.'" *Id.*

Because Ms. Frances' RICO claim alleges underlying fraudulent conduct, it is subject to Rule 9(b)'s heightened pleading standard. *See Odom*, 436 F.3d at 545; Fed. R. Civ. P. 9(b). Rule 9(b) provides, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The rule "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Mostowfi v. i2 Telecom Int'l, Inc.*, 269 F. App'x 621 (9th Cir. 2008) (quoting *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991)).

The Court agrees with the R&R that Ms. Frances did not sufficiently allege that the RICO Defendants were an enterprise for the purposes of the statute, because she did not allege facts indicating that they were "associated." While the R&R only considers her allegations against the Recorder's Office, Treasurer's Office, Williams, John, and Jeanie, the Court finds that Ms. Frances is also attempting to state a claim against the Churchill County Planning Department, Zack Bunyard, adjoining landowners Richard Alegre, Clint Alegre, Les Hiibel, Mitch Hiibel, Jake Ward, and Mike Johns, and Ingrid Swift. (ECF No. 26 at 5-7.) Even with the inclusion of these Defendants, Ms. Frances has not sufficiently stated a claim because she has not shown how the Defendants are associated in a common enterprise.

Ms. Frances alleges that the Defendants operated to deprive her of her property through "alteration of recorded land records," "reinsertion of deceased ownership interests," "addition of heirs to title without court authority," "initiation of probate proceedings based on altered records," "issuance of

retroactive deed invalidation statements," "issuance of ownership declarations inconsistent with recorded conveyance," "tax seizure proceedings based on altered records," and "resale contracts executed despite prior judicial rejection." (ECF No. 26 at 19.) She suggests that these acts coincided with other acts of "property destruction, infrastructure sabotage, firearm discharge into [her] property, and intimidation." (*Id.* at 46.)

Ms. Frances does not allege any explanation of a structured organization between Defendants or a coordinated vehicle for carrying out their goals. *See Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.,* 235 F. Supp. 3d 1132 (E.D. Cal. 2017) (dismissing a RICO claim for failing to explain the "nature of the connection between defendants"). For example, as described by the R&R, Ms. Frances alleges that in 2018 the Recorder's Office wrongfully "modified the recorded chain of title and created an apparent fractional ownership involving John Baumgartner Sr. and later his heirs," but makes no allegation that Williams, John, and Jeanie worked together with the Recorder's Office to do so. (ECF No. 27 at 6.) Similarly, Ms. Frances only associates Defendants Alegre, Hiibel, Ward, and Bunyard through "rodeo activities sponsored by John Tovik" and the fact that they are adjoining or nearby property owners. (ECF No. 26 at 43.) She connects their alleged activities because they entered the Churchill County Planning Department together and "positioned themselves nearby with arms crossed." (*Id.* at 42.) This is insufficient to demonstrate that they worked together as an ongoing organization. *See Comm. to Protect our Agric. Water*, 235 F. Supp. 3d at 1175 (Plaintiffs' allegations "of political contributions and private meetings are clearly insufficient" to show RICO organization).

The Court agrees with the R&R that "Ms. Frances relies on a handful of events scattered over several years without showing they are related or that the people involved were working together in any organized way," citing *Doan v. Singh*, 617 Fed. Appx. 684, 686 (9th Cir. 2015) (affirming dismissal of RICO claim

because plaintiff's "bare assertions" did not show "what exactly each individual did, when they did it, or how they functioned together as a continuing unit"). (ECF No. 27 at 6.) Although Ms. Frances walks through individual alleged conduct of each named Defendant, the Court finds that she does not allege how Defendants worked together to achieve the common objective she describes.

The Court also finds that the R&R did not apply an inappropriate heightened evidentiary standard to Ms. Frances' allegations. Ms. Frances alleges she met the proper standard established by the Supreme Court in *Boyle v. United States* by stating that multiple actors across county offices and associated participants coordinated actions affecting the same property, repeated that conduct over multiple years, and shared the objective of depriving Plaintiff of property rights. *See Boyle v. United States*, 556 U.S. 938, 945-946 (2009) (an enterprise "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit"). (ECF No. 29 at 5.) Ms. Frances does not identify, however, the relationships between parties to demonstrate that they were associated and coordinated, which falls squarely into Rule 9(b)'s particularity requirements to establish a continuing unit. *See Doan*, 617 Fed. Appx. at 686.

Therefore, the Court agrees with the R&R's conclusion, and dismisses the claim with prejudice and without leave to amend because even after amendment, the "fully developed allegations cannot support a civil RICO claim." (ECF No. 27 at 7.)

**c. Claim 2: RICO Conspiracy (18 U.S.C. § 1962(d))**

Having found that Ms. Frances cannot state a claim under RICO, the R&R recommended that her RICO conspiracy claim be dismissed because she "cannot claim that a conspiracy to violate RICO existed if [she cannot] adequately plead a substantive violation of RICO." *Howard v. America Online Inc.*, 208 F.3d 741 (9th Cir. 2000). Ms. Frances does not object to the R&R's conclusion on this ground,

and the Court agrees with the R&R's conclusion. Therefore, Ms. France's claim for RICO conspiracy is dismissed.

**d. Claim 3: Deprivation of Property (42 U.S.C. § 1983)**

The R&R recommends that Ms. Frances' claim for deprivation of property under 42 U.S.C. § 1983, which the R&R identifies as a taking without due process of law, be dismissed without prejudice and without leave to amend because it is barred by the statute of limitations. (ECF No. 27 at 8.) Ms. Frances objects that her claim is not time-barred under the continuing violation doctrine. (ECF No. 29 at 3.)

**i. Statute of Limitations**

Ms. Frances' claim against the Recorder's Office is barred by the statute of limitations, but her claim against the Treasurer's Office is not.

A time-barred claim may be dismissed at the screening stage when expiration of the applicable statute of limitations is apparent on the face of the complaint. *See Belanus v. Clark*, 796 F.3d 1021, 1026-27 (9th Cir. 2015); *see also Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint").

"[A]ll § 1983 suits must be brought within a State's statute of limitations for personal-injury actions." *Nance v. Ward*, 597 U.S. 159, 174 (2022). In Nevada, the statute of limitations for personal injury actions is two years. NRS 11.190(4)(e). The continuing violations doctrine allows a plaintiff to seek relief for events outside of the limitations period and applies to section 1983 claims. *Bird v. Dept. of Human Servs.*, 935 F.3d 738, 746 (9th Cir. 2019) (citing *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) and *Cherosky v. Henderson*, 330 F.3d 1243, 1246 n.3 (9th Cir. 2003)). The Ninth Circuit has recognized two applications of the continuing violations doctrine: "first, to 'a series of related acts, one or more

of which falls within the limitations period,' and second, to 'the maintenance of a discriminatory system both before and during [the limitations] period.'" *Bird*, 935 F.3d at 746 (citing *Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir. 1997)).

Ms. Frances cannot apply the continuing violations doctrine to her claim against the Recorder's Office because she has not alleged a series of related acts that manifest in a taking. Ms. Frances alleges that the Recorder's Office altered deed records without lawful authority in 2018 and 2019, without alleging the further related acts that would toll the statute of limitations. (ECF No. 26 at 46.)

On the other hand, Ms. Frances alleges that the Treasurer's Office "removed or failed to reflect valid tax payments, conducted a tax seizure despite prior payments and court rulings, and retained funds not lawfully owed" in 2022 and that the Treasurer's Office initiated a second tax seizure in 2025. (ECF No. 26 at 12-13, 17-18.) Her claim against the Treasurer's Office for its conduct initiating a tax seizure in 2025 is not barred by Nevada's two-year statute of limitations.

**ii. Due Process Violation**

Ms. Frances alleges that in 2025, she was not provided a properly addressed statutory notice of delinquency or seizure before the Treasurer's Office initiated a tax seizure affecting her property. (ECF No. 26 at 30.) Although the R&R construed this as a claim under the Takings Clause, the Court construes this claim against the Treasurer's Office as one for deprivation of a property interest without due process of law.

"A section 1983 claim based upon procedural due process ... has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. County of Santa Clara,* 995 F.2d 898, 904 (9th Cir.1993).

"Before a State may take property and sell it for unpaid taxes, the Due

Process Clause of the Fourteenth Amendment requires the government to provide the owner 'notice and opportunity for hearing appropriate to the nature of the case.'" *Jones v. Flowers*, 547 U.S. 220, 223 (2006) (quoting *Mullane v. Cent. Hanover Bank & Tr.*, 339 U.S. 306, 313 (1950)). This only requires steps reasonably calculated to ensure notice, not actual notice. *Id.*

By alleging that the Treasurer's Office initiated a tax seizure of her physical property, Ms. Frances has alleged the first two elements of her procedural due process claim. Without more facts, however, the Court cannot determine whether the Treasurer's Office provided any notice at all to measure whether it could have been reasonably calculated under the circumstances to notify Ms. Frances of the potential seizure. Ms. Frances does not allege what notice she was purportedly owed but denied under state or federal law. Therefore, the Court will dismiss this claim without prejudice and with leave to amend.

**e. Claim 4: Equal Protection Violations (42 U.S.C. § 1983)**

The R&R recommends that Ms. Frances' equal protection claim should also be dismissed with prejudice and without leave to amend because it was brought outside of the two-year statute of limitations. Ms. Frances broadly objects to the R&R's conclusions regarding the statute of limitations and continuing conduct in her briefing but does not directly address any ongoing allegations against the Churchill County Sheriff's Office ("Sheriff's Office"). (ECF No. 32 at 2.)

Ms. Frances alleges that Sheriff Hickcox of the Churchill County Sheriff's Office ("Sheriff's Office") made a statement in 2019 that "individuals associated with Black Lives Matter should not expect assistance from his department," and therefore, her complaints to the Sheriff's Office between 2019 and 2025 were not afforded "equal investigation escalation" because she is a person of color. (ECF No. 27 at 8; ECF No. 29 at 4.)

"A government entity has discretion in prosecuting its criminal laws, but enforcement is subject to constitutional constraints." *Rosenbaum v. City & Cnty.*

*of San Francisco*, 484 F.3d 1142, 1152 (9th Cir. 2007) (citing *Wayte v. United States*, 470 U.S. 598, 608 (1985). An alleged discriminatory failure to arrest, as well as investigate, can violate equal protection. *See Elliot-Park v. Manglona*, 592 F.3d 1003, 1008 (9th Cir. 2010); *see also see also Est. of Macias v. Ihde*, 219 F.3d 1018, 1028 (9th Cir. 2000) ("There is a constitutional right … to have police services administered in a nondiscriminatory manner—a right that is violated when a state actor denies such protection to disfavored persons."). To state a claim under the equal protection clause of the Fourteenth Amendment, a plaintiff must show that the enforcement "had a discriminatory effect and was motivated by a discriminatory purpose." *Rosenbaum*, 484 F.3d at 1153. If seeking to enjoin selective enforcement by an agency, a plaintiff must also demonstrate that the misconduct is part of a "policy, plan, or a pervasive pattern." *Id.* at 1153 (quoting *Thomas v. County of Los Angeles*, 978 F.2d 504, 509 (9th Cir. 1993); *see also Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978).

For her claim to survive, Ms. Frances needs to allege when, in other words, by specifying dates, the Sheriff's Office failed to act on her behalf during the limitations period, how such failure to act was motivated by the discriminatory intent, and identify similarly situated individuals who did not suffer the same harm. Ms. Frances alleges that between "approximately 2018 through 2025," she witnessed criminal conduct on her property that she reported to the Sheriff's Office without response, including loss of livestock and firearm discharges. (ECF No. 26 at 30-31, 38-41.) She does not state when she reported those incidents to the Sheriff's Office. Similarly, she claims that there were three incidents of live ammunition being placed in her burn barrel and that one of her security dogs was shot but does not state the years when those incidents occurred or when it was reported to the Sheriff's Office. (*Id.* at 39.) Ms. Frances states that on January 6, 2023, she believes that her windshield was shot from the southern boundary of her property, which she reported to the Sheriff's Office although "she does not

know whether she was the intended target." (ECF No. 26 at 41.)

Ms. Frances' claims about these incidents do not sufficiently plead an equal protection claim at this stage. Because Ms. Frances is bringing her claim against the Sheriff's Office as a municipal entity and attempting to stop its selective enforcement, she must show that the Sheriff's Office had a policy or custom of depriving individuals like Ms. Frances equal protection, and that this policy or custom caused her harm. *Rosenbaum*, 484 F.3d at 1157. Ms. Frances has not sufficiently alleged that the Sheriff's Office had a policy of treating similarly situated individuals better or differently than her. *See Rogers v. Las Vegas Metro. Police Dep't*, 764 F. Supp. 3d 971, 977-978 (D. Nev. 2025) (plaintiffs' failure to allege that "similarly situated individuals" that were not Black were not subject to the officer's conduct did not state an equal protection claim). She also has not shown that Defendants refused to respond "because of" not merely "in spite of" her race or made a causal or correlative connection between Sheriff Hickcox's statement in 2019 and her alleged harm by a Sheriff's Office policy. *Rosenbaum*, 484 F.3d at 1153.

Liberally construing Ms. Frances' complaint, however, the Court finds that amendment of this claim would not be futile. Therefore, the Court will dismiss Ms. Frances' claim under the Fourteenth Amendment but grant her leave to amend.

**f. Claims 5, 6, 7: Remaining State Law Claims**

Ms. Frances' remaining claims assert allegations of conversion, fraud, and unjust enrichment, which the R&R construes as arising under Nevada state law. (ECF No. 27 at 8.) Having recommended that all of Ms. Frances' federal claims be dismissed without prejudice and without leave to amend, the R&R concluded that the Court should not exercise supplemental jurisdiction over these claims. Because the Court now permits Ms. Frances to proceed on her due process and equal protection claims, the Court declines to analyze the merits of supplemental

jurisdiction at this time.

## IV. CONCLUSION

It is therefore ordered that the Report and Recommendation (ECF No. 27) is adopted in part.

It is further ordered that the Clerk FILE Ms. Frances's FAC (ECF No. 26), but not issue summons at this time.

It is further ordered that Claims 1 and 2 are DISMISSED WITH PREJUDICE and without leave to amend.

It is further ordered that Claim 3 is DISMISSED WITHOUT PREJUDICE and with leave to amend as it relates to Defendant Churchill County Treasurer's Office.

It is further ordered that Claim 4 is DISMISSED WITHOUT PREJUDICE and with leave to amend.

It is further ordered that if Ms. Frances chooses to file an amended complaint curing the deficiencies outlined in this order, Ms. Frances shall file the amended complaint by November 20, 2026.

It is further ordered that Ms. Frances's emergency motion to preserve access to court, vacate dismissal and for a temporary restraining order, (ECF No. 28), emergency motion for temporary restraining order, (ECF No. 30), and emergency motion for preliminary injunction (ECF No. 31) are DENIED as moot.

Dated this 28th day of October, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE